# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| HEARING DATE: | October 18, 2023 |
| JUDGE: | Brett H. Ludwig |
| CASE NO.: | 23-mc-0051 |
| CASE NAME: | In re Mary Fanning |
| MATTER: | Motion Hearing |
| APPEARANCES: | Patrick S. Nolan, Julie M. Loftus, Michael Bloom, Attorneys for Plaintiffs Smartmatic USA Corporation, Smartmatic International Holding B V, and SGO Corporation Limited |
| | William F. Mohrman, Attorney for Mary Fanning |
| | Doug Wardlow, Attorney for Defendants Michael J. Lindell and My Pillow Inc. |
| TIME: | 9:05 a.m. – 9:56 a.m. |
| COURTROOM DEPUTY: | Julie D. |

**AUDIO OF THIS HEARING IS AT ECF NO. 22**

---

The Court summarized the case's procedural history and the parties' positions on two pending motions: (1) Mary Fanning's motion to quash subpoena or for protective order and (2) Smartmatic's motion to compel deposition testimony of Mary Fanning and for sanctions. (ECF Nos. 1 & 2.) The parties first informed the Court that the judge in the parties' main case has stayed discovery in the proceedings through November 13, 2023. Counsel for Mary Fanning then updated the Court on both his own and Ms. Fanning's medical situations. Next, counsel for Smartmatic acknowledged that it would make whatever reasonable accommodations were necessary to complete Ms. Fanning's deposition.

The Court first recognized that the parties do not dispute that Ms. Fanning has material testimony to offer and that she also has medical needs that warrant some consideration in proceeding with her deposition. The Court made clear, however, that Ms. Fanning's (and Mr. Mohrman's) doctors do not get a "veto" over whether she has to sit for a deposition. While their medical expertise informs the situation, Ms. Fanning's medical issues must be balanced against Smartmatic's right to gather evidence to support its claims. Ms. Fanning has an obligation to sit for a deposition. Counsel agreed that they should be able to work together to accomplish the deposition, subject to reasonable accommodations and consistent with any revised schedule ordered in the main case.

Ultimately, the Court granted Ms. Fanning's motion for a protective order, *in part*. The Court ruled that Ms. Fanning was entitled to a protective order against being deposed on August 29, 2023, when she and her counsel were medically unavailable for the deposition. The Court denied the motion to the extent Ms. Fanning seeks to condition her deposition going forward on the approval of the doctors treating her and her counsel.

The Court denied Smartmatic's motion to compel Ms. Fanning's deposition testimony but did so *without prejudice*. Smartmatic may issue a new subpoena against Ms. Fanning. The Court encouraged the parties to work together to determine what types of accommodations should be in place to facilitate Ms. Fanning's deposition, including selecting a more convenient and comfortable location, taking the deposition over multiple days, providing more and longer breaks, and/or allowing the witness to stand or sit and to change positions while being questioned.

The Court expects Counsel to complete the deposition without further Court involvement. The pending miscellaneous case will be kept open for ninety days in case the parties need additional guidance. While hoping that further motion practice will be unnecessary, the Court directed counsel to Civil Local Rule 7(h), which provides for expedited consideration of non-dispositive motions.

Finally, the Court declined to award fees or sanctions to either side. While Smartmatic's opening omnibus brief contained unhelpful, over-the-top rhetoric, the Court concluded it had not crossed the line sufficient to warrant sanctions. The Court appreciates there is animosity among counsel but cautioned counsel to show professionalism toward one another and in their filings with the Court. Counsel are now on notice that further unprofessionalism will not be tolerated.

Accordingly,

**IT IS HEREBY ORDERED** that Mary Fanning's motion to quash subpoena or for protective order, ECF No. 1, is **GRANTED** in part and **DENIED** in part. Ms. Fanning is entitled to a protective order against being deposed on August 29, 2023. The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that Smartmatic's motion to compel deposition testimony of Ms. Fanning, ECF No. 2, is **DENIED,** *without prejudice*.

**IT IS FURTHER ORDERED** that the Court will keep this miscellaneous case open for ninety days in case the parties need additional guidance.

**IT IS FURTHER ORDERED** that Smartmatic's motion for sanctions, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Ms. Fanning's motion for attorney's fees and sanctions, ECF No. 12, is **DENIED**.

**IT IS FURTHER ORDERED** that the motions to restrict documents, ECF Nos. 11 & 17, are **GRANTED**.

Dated at Milwaukee, Wisconsin on October 19, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge