# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re subpoena to Mary Fanning | CIVIL ACTION NO. 2:23-mc-00051-BHL<br><br>**EXPEDITED MOTION FOR RELIEF REGARDING NON-PARTY DEPOSITION SUBPOENA** |
| Smartmatic USA Corp., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Michael J. Lindell and My Pillow, Inc.,<br><br>Defendants. | CIVIL ACTION NO. 22-cv-00098-WMW-JFD<br><br>U.S. District Court, District of Minnesota |

**EXPEDITED NON-DISPOSITVE MOTION FOR RELIEF
FOR SPLIT OF DEPOSITION TIME**

Michael Lindell and My Pillow, Inc., move this Court pursuant to Civil L. R. 7(h) to issue an order on the split of deposition time for the Mary Fanning deposition scheduled for May 30, 2024. (This Court previously entered orders (ECF No. 23, 25, and 27) in this case concerning Smartmatic's deposition of Mary Fanning, a non-party witness in the case pending in the District of Minnesota.) Both parties have noticed Mrs. Fanning.

Smartmatic intends to conduct a full seven-hour deposition of Ms. Fanning and will not concede to splitting that seven-hour deposition with Mr. Lindell and My Pillow, Inc. Smartmatic's position is that under Rule 30(d)(1), "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." Smartmatic believes that Ms. Fanning is a critical witness, and this is a situation where seven hours is needed

1

to fairly examine her. Finally, Smartmatic has argued, and we agree on this point, that this issue is important because Ms. Fanning is outside the subpoena power of the Minnesota court.

We originally proposed a 4-3 split time split in favor of Smartmatic. They do not agree. We further disagree with Smartmatic that Mrs. Fanning is of such importance that she needs to be examined beyond the seven hours.

Counsel for Mrs. Fanning has objected to a deposition beyond seven hours.

We seek court intervention and relief because we do not believe it appropriate or necessary to depose Ms. Fanning for more than the seven hours contemplated for non-party witnesses under FED. R. CIV. P. 30 (d) 2. Our position is that the split of time in favor of Smartmatic is a reasonable compromise. Specifically, we ask this Court to set a telephonic hearing to determine reasonable time parameters for Mrs. Fannings' deposition before May 30, 2024.

Dated: May 22, 2024

MCSWEENEY, CYNKAR & KACHOUROFF, PLLC

By */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff* (Bar No. 44216)
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
Telephone: (703) 621-3300
chris@mck-lawyers.com

**ATTORNEY FOR MY PILLOW, INC. AND MICHAEL LINDELL**

2

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issue without court intervention but has been unable to resolve the issue.

I also certify that on May 22, 2024, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By */s/ Christopher I. Kachouroff*