| | |
|---|---|
| **From:** | Loftus, Julie |
| **To:** | Chris Kachouroff |
| **Cc:** | Frey, Timothy; Bedell, James |
| **Subject:** | RE: FW: Smartmatic/ Lindell Meet and Confer 2024.01.18 |
| **Date:** | Friday, May 10, 2024 4:37:46 PM |

Chris,

The total number of depositions taken by Smartmatic, taken by Defendants, and noticed/ cross-noticed by Defendants thus far in the case already exceeds 25. To date, the parties have treated the deposition limit to mean 25 per side. Smartmatic stands by this interpretation. Again, we have no issue with Defendants using their allotted depositions.

Mr. Kaplan and I recall those conversations differently. But to respond to your question about why Smartmatic seeks more than 4 hours examine Ms. Fanning, Smartmatic notes the following:

Ms. Fanning is one of Mr. Lindell's key sources in his defamation campaign against Smartmatic. Mr. Lindell has claimed countless times that he has "absolute, 100%" proof that Smartmatic rigged the 2020 election. His alleged "proof" comes from Ms. Fanning. *See How Mary Fanning Got Information President Trump Through Mike Lindell*, FrankSpeech (December 19, 2022), available at http://frankspeech.com/video/how-mary-fanning-got-information-president-trump-through-mike-lindell, at 1:35. For example, Mr. Lindell shared Ms. Fanning's theories about purported election fraud with then-President Trump. *See* Asawin Suebsaeng, *MyPillow Guy Presents Trump with 'China' Election-Fraud Theory, Lawyers Send Him Packing*, The Daily Beast (January 16, 2021), available at https://www.thedailybeast.com/mypillow-guy-presents-trump-with-china-election-fraud-theory-lawyers-send-him-packing. In fact, Ms. Fanning is credited as Executive Producer for *Absolute Proof*, *Scientific Proof*, and *Absolute Interference*, in which a significant number of defamatory statements against Smartmatic were made. Ms. Fanning is further credited for her research contributions in *Absolute Proof*.

Smartmatic is deposing Ms. Fanning to further its case that Mr. Lindell acted with actual malice. That is, he published statements about Smartmatic with knowledge of their falsity, or with reckless disregard as to their truth or falsity. One the hallmarks of actual malice is evidence that a defendant has obvious reasons to doubt the veracity of a source's accuracy.

Smartmatic will question Ms. Fanning about, but not limited to, the following categories:
1. her communications with Lindell;
2. the basis for her claims about machines;
3. her involvement in the production of Lindell's documentaries;
4. her appearance in *Absolute Proof*; and
5. and her public statements about unfounded conspiracy claims.

Fanning's credibility and testimony is highly relevant to Smartmatic's claims, and will take more than four hours to examine due to the extent of her involvement. We do not oppose your right to also question Ms. Fanning, but cannot agree to limit our time on the record to such a degree. Further, because Ms. Fanning is outside of the jurisdiction of the District of Minnesota, this may very well be Smartmatic's opportunity to question this critical witness. That is why Smartmatic has gone to great lengths to have this subpoena served, delivered, and enforced, including by filing the motion to compel in Wisconsin.

Finally, if Mr. Lindell is taking the position that this deposition is also one that it has subpoenaed and noticed, we believe that it will be appropriate to split the costs of the venue, court reporter, and witness fees based upon however the final allotment of time results.

Best,
Julie

Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com



Case 2:23-mc-00051-BHL   Filed 05/24/24   Page 1 of 7   Document 31-1

71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Chris Kachouroff <chris@mck-lawyers.com>
**Sent:** Friday, May 10, 2024 2:26 PM
**To:** Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Frey, Timothy <TFrey@beneschlaw.com>; Bedell, James <JBedell@beneschlaw.com>
**Subject:** Re: FW: Smartmatic/ Lindell Meet and Confer 2024.01.18

Julie,

I saw nothing in the scheduling order using the language of 25 *"per side."* Rather, it is the "total" number exclusive of expert depositions. It does use "per side" for things like RFPs.

Additionally, I believe you all are misreading the rules (E.g., Rules 30 and 45) and under your theory will subject Ms. Fanning to two 7-hour depositions. Rule 30 contemplates one. So I am unwilling to agree that you all have 7 hours at this deposition where we have both noticed Ms. Fanning. Even if we had not noticed her, I would not think it appropriate that only one side has 7 hours and the other side has to ask permission to conduct an examination. I've never been in a case where this has happened.

In addition, I talked to Mr. Kaplan who informed me that you all discussed a 4-3 split with you all taking 4 hours and us taking 3. I'm not sure why you all have changed your mind on this and stating that Ms. Fanning is an "important" witness is not a showing of good cause to go beyond an equal split. There are cases supporting what I am saying but I don't believe there are cases supporting your interpretation.

What I am asking is not unreasonable and I am pretty confident that the court will see it this way. I've offered a 4-3 split. If you think you need more time beyond 4 hours, help me understand why. If we disagree, let's tee it up together and get an answer. If this is not acceptable, I will be entering my appearance in Wisconsin for this purpose and get that issue rolling on Monday.

Sincerely,

Chris

On Fri, May 10, 2024 at 2:54 PM Loftus, Julie <JLoftus@beneschlaw.com> wrote:

> Chris,
>
> The scheduling order permits 25 fact depositions *per side*. This is consistent with the number of notices and deposition subpoenas served by both parties. Smartmatic has no opposition to Defendants taking their allotment of fact depositions.
>
> Considering Smartmatic moved to compel Ms. Fanning's deposition, we are unwilling to cede half the time we are allotted by the Federal Rules. Rule 30 expressly states that the court "***must*** allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent" (emphasis added). Ms. Fanning is a critical witness, and 3.5 hours is not a sufficient time for Smartmatic to "fairly examine" her. This is a circumstance in which we feel confident the court would allow the required additional time.
>
> With that said, Smartmatic has no opposition to Defendants moving the Eastern District of Wisconsin for additional time, and is willing to discuss jointly moving for additional time prior to the deposition. That court has an expedited resolution process available, as I recall.
>
> Give me a call if you would like to discuss.
>
> Julie
>
> Julie Loftus



(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Chris Kachouroff <chris@mck-lawyers.com>
**Sent:** Friday, May 10, 2024 9:29 AM
**To:** Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** Re: FW: Smartmatic/ Lindell Meet and Confer 2024.01.18

Julie,

I wanted to express my objections to us having to depose Ms. Fanning twice. The latest scheduling order states that there is a cap of 25 fact witness depositions. It appears that 18 are left which you all have mostly occupied. This does not include expert witnesses or 30(b)6 depositions. I don't think we should be forced to use up a deposition slot to examine yet another fact witness noticed by Plaintiffs.

From my brief review of cases, a number of courts have the 50-50 split rule while others reduce the time allowed for the party who has not noticed the deposition. We've both noticed Mary Fannings' deposition. She is a fact witness and I do not believe the court will require her to suffer two 7 hour days. Mr. Mohrman told me he is not going to agree to two deposition days.

I'm proposing a split of time consistent with practice. If that is rejected, I will move the Court for equal time.

Sincerely,

Chris Kachouroff

On Thu, May 9, 2024 at 7:38 PM Loftus, Julie <JLoftus@beneschlaw.com> wrote:

> Chris—thank you for the quick response. We are checking on June 3 and will get back to you as soon as possible.
>
> 
>
> Julie Loftus
> (she/her/hers)
> Managing Associate | Litigation
> Benesch Friedlander Coplan & Aronoff LLP
>
> t: 312.624.6341 | JLoftus@beneschlaw.com
> www.beneschlaw.com
> 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice
>
> **From:** Chris Kachouroff <chris@mck-lawyers.com>
> **Sent:** Thursday, May 9, 2024 6:29 PM
> **To:** Loftus, Julie <JLoftus@beneschlaw.com>
> **Subject:** Re: FW: Smartmatic/ Lindell Meet and Confer 2024.01.18
>
> Julie,
>
> Lindell can do June 3-4 but not 5. He is out of the country between June 5-9. Do you want to do June 3 and schedule the 30(b)6 another day?
>
> Chris

On Thu, May 9, 2024 at 5:42 PM Loftus, Julie <JLoftus@beneschlaw.com> wrote:

Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Loftus, Julie <JLoftus@beneschlaw.com>
**Sent:** Wednesday, April 17, 2024 12:56 PM
**To:** Chris Kachouroff <chris@mck-lawyers.com>; samuelharms@call00.com
**Cc:** Frey, Timothy <TFrey@beneschlaw.com>; Bedell, James <JBedell@beneschlaw.com>
**Subject:** RE: Smartmatic/ Lindell Meet and Confer 2024.01.18

Counsel,

As I mentioned on Monday's call, I write to re-engage on the discovery issues the parties were previously discussing. For ease of reference, I am attached a previous discovery deficiency letter covering many of these topics. Below find a complete memorialization of our last meet and confer. Per the below, Smartmatic is owed the following:

- Amended responses for **Interrogatory Nos. 1, 6, 8, 13, 15, and 19**.
- Documents responsive to **Interrogatory Nos. 10 and 19** and **RFP Nos. 5 and 12**.
- **Wet signature verification** for all interrogatory answers to date.

You also agreed to provide an updated position on Smartmatic's **Interrogatory Nos. 4, 14, 20, and 23**.

At a previous meet and confer, Smartmatic raised metadata deficiencies with Defendants' production, as well as Defendants' Supplemental RFP Responses. We will be in touch regarding the production. Regarding the supplemental RFP responses, Smartmatic expects Defendants to supplement their written responses to reflect whether Defendants are standing on their objections (as ordered in the Court's August 1, 2023 order).

In addition to the items mentioned below and summarized above, Smartmatic had also inquired about the financial records Mr. Lindell was compelled to produce in the Court's October 19 order. (That order is attached.) Mr. Lindell was ordered to produce documents responsive to **RFP Nos. 30, 31, 32, and 33**, which seek documents showing Mr. Lindell's "financial condition from 2020 to the present, including but not limited to, annual financial reports and tax returns" and "ownership interested in any company or entity, including, but not limited to, MY PILLOW, from 2020 to the present," as well as "[d]ocuments and communications relating to any audit of LINDELL by the U.S. Revenue Service from 2020 to the present" and "[d]ocuments and communications relating to any loans received, secured, or negotiated for LINDELL or for MY PILLOW from 2020 to the present."

Thus far, Smartmatic has received Mr. Lindell tax returns from 2020 and 2021. We understand that you plan to produce tax returns for 2022 and 2023, or an audit related to those returns. Notwithstanding the audit, we still expect the production of the underlying tax returns.

We also expect the other financial documents the Court's order compels Mr. Lindell to produce. This includes,

but is not limited to, annual financial reports, bank account statements, loan documents, all documents and communications relating to any IRS audit from 2020 to the present (which we understand there to be), and any documents and communications relating to loan negotiations.

Do not hesitate to reach out with questions about this communication.

Best,
Julie



Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Loftus, Julie <JLoftus@beneschlaw.com>
**Sent:** Thursday, January 18, 2024 5:45 PM
**To:** Chris Kachouroff <chris@mck-lawyers.com>; samuelharms@call00.com; Doug Wardlow <doug@mypillow.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>
**Subject:** Smartmatic/ Lindell Meet and Confer 2024.01.18

Counsel,

I write to memorialize our discussion during this morning's meet and confer.

**Section I of Smartmatic's December 19, 2023 Communication**
Mr. Kachouroff informed us that he has prepared amended responses for Interrogatory Nos. 1, 15, and 19. He advised that a forthcoming production containing documents responsive to Interrogatory No. 19 would also include documents responsive to RFP Nos. 5 and 12.

Mr. Kachouroff asked if Smartmatic would accept a DocuSigned verification for interrogatory answers. Smartmatic is unaware of any authority permitting electronic verifications under Federal Rule of Civil Procedure 33, and therefore requests a wet signature.

**Section II of Smartmatic's December 19, 2023 Communication**
We discussed several categories of Smartmatic's Interrogatories.

Production of Defamatory Programs:

- **Interrogatory No. 6**: Defendants agreed to supplement their answers to Interrogatory No. 6 to include the updated amount paid to Douglas Frank. They also agreed to supplement their answers to include compensation to Conan Hayes and Dennis Montgomery.
- **Interrogatory No. 8:** Mr. Kachouroff advised that Defendants would respond to Interrogatory No. 8 as written, and that the supplemental answer will include the amount of money Lindell contributed to the *Absolute* series and the Cyber Symposium. He further advised that he has requested a spreadsheet from Defendants responsive to this Interrogatory.
- **Interrogatory No. 13:** Mr. Kachouroff agreed that Defendants would respond to Interrogatory No. 13 by identifying the

amount of money expended with respect to each Accused Program.

Financing of the Defamation Campaign:

- **Interrogatory No. 20**: I explained that Smartmatic seeks quantification of the dollar amounts referenced as unidentified "sums of money" loaned to FrankSpeech in Defendants' most recent supplement. Furthermore, I noted that Smartmatic is aware of ***at least*** one instance of MyPillow monetary support of the Accused Programs. (*See* DEF084057.) Mr. Kachouroff agreed to investigate further and provide Smartmatic with an updated response.
- **Interrogatory No**. **23**: I explained Smartmatic's position that information responsive to Interrogatory No. 23 is relevant to Smartmatic's claim that MyPillow should be held vicariously liable for the actions of Mr. Lindell. Defendants have already responded that Defendants have loaned each other money, but have failed to identify any such loan or provide any loan amount. Mr. Kachouroff advised he would investigate further and provide Smartmatic with an updated response.

Defendants' Bases for Their Defamatory Statements:

- **Interrogatory No. 4:** I explained that Smartmatic seeks, in particular, details surrounding the persons listed as sources in Defendants' current supplemental answers to the Interrogatory. Specifically, I further explained that ***what information*** each source provided is (a) probative of Defendants' reasons to doubt the credibility of their sources, and therefore probative of their actual malice, and (b) not publicly available to Smartmatic. Mr. Kachouroff agreed to collect information responsive to Interrogatory No. 4.
- **Interrogatory No. 14**: Both parties agreed that this Interrogatory is relevant to the falsity and actual malice elements of this defamation case. Mr. Kachouroff agreed that Smartmatic seeks relevant information with this Interrogatory, and agreed to provide an updated position.

Documents Responsive to Interrogatory No. 10: Defendants agreed to produce the document referenced in response to Interrogatory No. 10.

Please do not hesitate to reach out with any questions about this communication. We look forward to speaking with you on Thursday, February 6.

Best,

Julie Loftus
(she/her/hers)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

--
--
CHRISTOPHER I. KACHOUROFF, ESQ.
Tel: 703.621.3300
Cell: 703.853.0160
Web: www.mck-lawyers.com

--
--
**CHRISTOPHER I. KACHOUROFF, ESQ.**
Tel: 703.621.3300
Cell: 703.853.0160
Web: www.mck-lawyers.com


--
--
**CHRISTOPHER I. KACHOUROFF, ESQ.**
Tel: 703.621.3300
Cell: 703.853.0160
Web: www.mck-lawyers.com

Inline image 1
